KINCAID and wife, Appellants, v. BRAUNS, Respondent.*

*April 9—May 5, 1959.*

* Motion for rehearing denied, with $25 costs, on June 26, 1959.

296

For the appellants there were briefs and oral argument by *Robert G. Hebert* of Tomahawk.

For the respondent there was a brief and oral argument by *Forest W. Rodd* of Rhinelander.

DIETERICH, J.    Sterling C. Kincaid, as the administrator of the estate of his wife, Marian W. Kincaid, filed an inventory listing the real property in joint tenancy and later filed an amended inventory including the real estate held as tenants in common with the deceased.

He made no intimation, although he filed two inventories, and he never advised the court that the instruments were forged, all of this being known to him at the time the inventories were submitted to the county court, and then proceeded to have the property assigned in accordance with the inventories.

Proof of heirship was had.    He then proceeded to and did file a petition to have his account allowed, inheritance tax determined, and any life estate and joint tenancy of deceased

declared terminated and the residue of the estate of his wife Marian W. Kincaid assigned according to law.

The probate court in its final judgment terminated the interest the deceased had as joint tenant in real estate described as parcel No. 1, and assigned and transferred the real property described as parcel No. 2 as of the date of the death of the deceased as follows: An undivided one-half interest to Robert T. Brauns, son, subject to curtesy and homestead rights of Sterling C. Kincaid.

Sterling C. Kincaid was not only acting in the capacity of administrator, but he also appeared in the proceedings as an heir. He was occupying a position of trust under appointment of the court. In his official capacity as administrator under oath he made material statements as to the property owned by the deceased. In fact in his first inventory he set forth the joint property at which time he knew, according to his statements, that that instrument was forged. Later, in the same proceedings he amended the inventory and set forth a second piece of property. After waiting for a period in excess of two years, the plaintiff now seeks the aid of a court of equity. The court denied relief upon defendant's motion for summary judgment.

Since the matter arises upon motion for summary judgment, we must assume that the deed from Sterling C. Kincaid to Marian W. Kincaid was a forgery, and, of course, that Sterling knew it was a forgery when it came to his attention as administrator of Marian's estate.

So assuming, the administrator was presented with a conflict of interest, he could have resigned because of the conflict and sought in his own behalf to establish that he had title to the real estate either in a proceeding under the probate jurisdiction of the county court, sec. 253.03 (2), Stats., or in a separate action. He could have disclosed his personal claim to the county court, informed the court of his willingness to complete the administration upon the premise that

Marian's apparent title was good, reserving a right to attack that title in a separate action in his own behalf, and asked for the court's directions. He chose, however, to continue as administrator and to complete the proceeding upon the premise that Marian's title was good without advising the court of his personal claim to the contrary.

It does not appear that he gained any personal advantage by continuing as administrator except for a small fee he appears to have received as such. It does not appear that defendant changed his position to his own disadvantage in reliance upon Sterling's representations. Ordinarily, his representations to the court would merely constitute admissions against interest open to explanation in a subsequent proceeding. Because he did not obtain advantage as a result of his representations and because there was no prejudice resulting to the defendant, these representations could not raise an equitable estoppel. We hesitate to hold that they raised an estoppel by judgment because it does not appear that a party interested in an administration proceeding must always be barred from contesting the title of the deceased to an asset which was assumed in the administration proceeding to belong to the deceased. Nevertheless, under these circumstances, where the administrator made the representations without informing the court of any question about their verity and thereby caused the county court to perform acts such as the determination of inheritance tax and the assignment of real estate upon premises the administrator now claims are false, we view the administrator's actions as an imposition upon the county court and sufficient reason to deny him the aid of a court of equity.

His present wife, the other plaintiff, does not appear to have been married to Sterling until after the events by which Sterling lost any right to have the deed set aside as a forgery.

*By the Court.*—Judgment affirmed.